UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHRYN SORRENTINO,  ) | 3:25-CV-00098 (SVN) |
|     *Plaintiff*,  ) | |
| ) | |
| v.  ) | |
| ) | |
| FAY SERVICING, LLC, and ED FAY,  ) | |
|     *Defendants*.  ) | September 18, 2025 |

**RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

In this action, *pro se* Plaintiff Kathryn Sorrentino alleges violations of her federal rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by Defendants Fay Servicing, LLC ("Fay Servicing") and its CEO Ed Fay. The complaint alleges that periodic mortgage statements sent by Fay Servicing were inducements to collect payment and included false, misleading and unfair representations. Defendants have moved to dismiss the complaint for lack of standing and failure to state a claim. For the reasons detailed below, the Court GRANTS Defendants' motion to dismiss.

**I.    FACTUAL BACKGROUND**

The facts set forth in Plaintiff's complaint, ECF No. 1, although sparse, are taken as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the complaint, Defendant Fay Servicing was attempting to collect a mortgage loan from Plaintiff. ECF No. 1 ¶ 9. Fay Servicing was required to send periodic statements to Plaintiff regarding the status of her mortgage loan, including the amount due and the due date, under the TILA. *Id.* ¶ 10. In addition to this required information, Defendant included a "remittance form"—a "detachable coupon for submitting payment"—with the periodic statements.

*Id.* ¶ 11.  Plaintiff attaches several such mortgage statements with accompanying "payment coupons" to her complaint.  *Id.* at 6–13.  Each of these statements is addressed to "Saverio A. Sorrentino," not to Plaintiff.  *Id.*

Most of these mortgage statements also contained a section entitled "Delinquency Notice." *Id.*  That section stated:  "**You are late on your monthly payments.**  Failure to bring the account current may result in additional fees or expenses, and in certain instances, you may risk foreclosure - the loss of your home."  *Id.*  This section also listed the amount of the delinquency and directed the statement's recipient to "call your account manage to explore your options."  *Id.* at 6–10, 12–13.

Plaintiff alleges that Fay Servicing's use of the remittance form was "not intended solely to inform Plaintiff of the debt owed, but to induce payment," thus constituting an attempt to collect a debt, in violation of the FDCPA.  *Id.* ¶ 16.  Plaintiff claims these statements went "beyond mere informational disclosures required by TILA and instead were intended to collect the debt using false, misleading, and unfair representations."  *Id.* ¶ 17.

Defendants have moved to dismiss the complaint, arguing that Plaintiff does not have standing, Defendants' form mailings do not violate either the FDCPA or the TILA, and Defendants are not liable under TILA.  ECF No. 17.  As to Defendant Ed Fay, Defendants argue that the

complaint fails to allege that he personally engaged in any of the actions alleged in the complaint. Defs.' Br., ECF No. 18 at 1, n.1.  Plaintiff opposes the motion.  ECF No. 25.[1]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and

---

[1] Plaintiff filed a sur-reply and motion for leave to file a sur-reply.  ECF Nos. 27, 28.  Sur-reply briefs cannot be filed without permission of the Court, which the Court grants only "upon a showing of good cause."  D. Conn. L.R. 7(d). "Sur-replies are appropriate only in the exceptional though rare case" where "a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court." *Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350 (PKC) (RER), 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (internal quotation marks and citation omitted).  District courts may strike an unauthorized sur-reply. *See Laguerre v. Nat'l Grid USA*, No. 20-3901-cv, 2022 WL 728819, at *5 n. 7 (2d Cir. Mar. 11, 2022) (summary order). While Plaintiff claims the sur-reply is necessary to "address new arguments raised by Defendants in their reply and to ensure that the Court has a complete record for consideration of the motion," Plaintiff's sur-reply arguments are repetitive of her assertions in her original opposition and the sur-reply does not identify any new issues material to the Court's disposition of Defendants' motion to dismiss.  As such, Plaintiff's motion for leave to submit a sur-reply brief is denied.

determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

#### A. FDCPA Claim

The Court first dismisses Plaintiff's FDCPA claim.

Plaintiff alleges that Defendants have violated several provisions of the FDCPA, including making false or misleading statements under 15 U.S.C. § 1692e, using unfair or unconscionable means to collect or attempt to collect on a debt under § 1692f, and not providing sufficient validation of her alleged debt under § 1692g. But because Plaintiff has not plausibly pleaded she

4

owes a debt or is the subject of debt collection efforts, or that Mr. Fay is a debt collector under the statute, Defendants' motion to dismiss Plaintiff's FDCPA claim is granted.

The FDCPA was enacted to, among other things, "eliminate abusive debt collection practices by debt collectors," and to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As a consumer protection statute, the FDCPA's terms must be construed "'in a liberal fashion.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Vincent v. The Money Store,* 736 F.3d 88, 98 (2d Cir.2013)). Additionally, the Second Circuit requires that "debt collection letters be viewed from the perspective of the 'least sophisticated consumer.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318–19 (2d Cir.1993)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319).

To bring a claim under the FDCPA, the plaintiff "must be a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a debt collector, and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Doody, Trustee of Mary Y. Doody Revocable Trust Dated June 17, 2002 v. Nationstar Mortgage, LLC*, No. 21-CV-00609 (VDO), 2023 WL 8476322, at *4 (D. Conn. Dec. 7, 2023) (citing 15 U.S.C. § 1692 *et seq.*; *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270 (E.D.N.Y. 2018)).

       1. *Plaintiff as Consumer Under the FDCPA*

The Court holds that Plaintiff fails to establish the first element of an FDCPA claim. Defendants contend that because the mortgage statements attached to Plaintiff's complaint are not addressed to her, she fails to adequately allege that she is a consumer who owes a debt or a person

who has been the object of efforts to collect a consumer debt.  The Court agrees with Defendants, and therefore dismisses the FDCPA claim on this basis.

As noted above, all of the mortgage statements included with Plaintiff's complaint are addressed to "Saverio A Sorrentino," not to Plaintiff.  *See* ECF No. 1 at 6–13.  Although Plaintiff alleges in a conclusory fashion that these are "Plaintiff's periodic statements," and that "Defendant was attempting to collect a mortgage loan from Plaintiff," the statements' plain language indicates otherwise.  ECF No. 1 ¶¶ 9, 11; *see also* ECF No. 1 at 6–13.  Plaintiff has not alleged any facts to support her conclusory allegation that Defendants were attempting to collect a debt from *her* through the periodic mortgage statements addressed to Saverio Sorrentino.  Thus, Plaintiff has not adequately alleged that she is a consumer who owes a debt or a person who has been subject to debt collection efforts.

Plaintiff attempts to resurrect this element of her FDCPA claim by relying upon documents Defendants have attached to their motion to dismiss related to the underlying mortgage loan at issue.  It is well-established, however, that a district court ordinarily does not look beyond the complaint and its attached documents when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011).  Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  *See also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (in analyzing a 12(b)(6) motion, the district court may either exclude the extraneous material or convert the motion to one for summary judgment).  The conversion of a Rule 12(b)(6) motion into a summary judgment motion when a court considers extraneous material is "strictly enforced" and "mandatory."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150,

155 (2d Cir. 2006) (cleaned up).  As Defendants have not requested conversion of their Rule 12 motion into a Rule 56 motion for summary judgment, the Court declines to do so.

Notwithstanding Rule 12's conversion requirement, however, a court may still consider extraneous materials on a motion to dismiss if they are integral to the complaint.  *Id.* at 156.  Material is deemed integral to the complaint, and thus eligible for consideration on a motion to dismiss, where the plaintiff relies on the terms and effect of the document in drafting the complaint.  *Chambers*, 282 F.3d at 153.  In most instances where a document is deemed integral to a complaint, "the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint."  *Glob. Network Commc'ns*, 458 F.3d at 157.  This exception "prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting."  *Id.*

Here, while Plaintiff references a mortgage loan in her complaint, she references it almost in passing.  *See* ECF No. 1 ¶¶ 9–10.  The mortgage loan's terms cannot fairly be considered integral to Plaintiff's complaint, insofar as she does not rely on the terms and effect of the underlying mortgage loan to state her claims.  Nor do Defendants make any argument why the mortgage documents (or other voluminous materials they submitted with their motion) would be proper for the Court to consider on a motion to dismiss.  *See* ECF No. 18 at 4.  While Plaintiff is free to attach to any amended complaint she may file documents that establish *she* owes the debt

or is the subject of debt collection efforts, the present complaint and its attachments, standing alone, do not establish as much. Therefore, the complaint must be dismissed on this basis.[2]

### 2. *Mr. Fay as a Debt Collector*

Second, Plaintiff has not sufficiently alleged Mr. Fay is a "debt collector" under the FDCPA. Under the statute, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Here, the mortgage statements attached to the complaint bear a header for Defendant Fay Servicing. ECF No. 1 at 8–10; 11–13. Thus, assuming without deciding that the mortgage statements are attempt to collect a debt, Fay Servicing would properly be considered a debt collector.

---

[2] Plaintiff cites to three cases to assert she can pursue her FDCPA claim: *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995), and *Nesbitt v. J.C. Christenson & Assocs., Inc.*, 2011 U.S. App. LEXIS 16300 (2d Cir. Aug. 2, 2011). *Jerman*, however, does not stand for the broad proposition Plaintiff claims—that FDCPA protections "extend to any individual who is affected by unlawful debt collection practices, regardless of their position in the chain of obligations." *See* ECF No. 25 at 5. Rather, it relates to when a debt collector can advance a *bona fide* error defense. 559 U.S. at 604–05. Next, Plaintiff quotes *Heintz* as stating, in part: "A consumer under the Act includes any individual who is subject to a debt collection attempt, whether they are the primary obligor or a co-obligor." *See* ECF No. 25 at 5. But *Heintz* does not contain that language, nor anything like it. And finally, the Court is unable to find a case titled *Nesbitt v. J.C. Christensen & Assocs., Inc.*, either at the citation provided or in its own independent research. Plaintiff also cites to other Supreme Court cases the Court cannot locate with either the provided citation or by the case name: *Alfaro v. Federal Nat'l Mortgage Association*, 584 U.S. 401 (2017), *Rolle v. Chase Bank USA*, 560 U.S. 389 (2005), and *Williams v. Bank of America*, 525 U.S. 133 (2002). While the Court has been able to find *similarly* named cases across various state or district courts, none of these cases are Supreme Court cases, have the correct adversarial posture for the parties, or relate to the subject matter at issue here. *See Federal Nat'l Mortgage Ass'n* v. *Alfaro*, No. 37-2016-00019112-CL-UD-NC (landlord/tenant unlawful detainer case); *Williams v. Bank of America, N.A.*, No. 4:16-CV-1777 HEA, 2016 WL 6834119 (E.D. Mo. Nov. 21, 2016) (race discrimination arising under 42 U.S.C § 1981); *Williams v. Bank of America*, No. 1:21-cv-848-AWI-HBK, 2022 WL 9460753 (E.D. Cal. Oct. 14, 2022) (order adopting recommended ruling that related to disability discrimination and breach of contract). The Court notes one case, *Williams v. Bank of America*, No. 24-3245-TDC, 2025 WL 2196249 (D. Md. Aug. 1, 2025), that does contain a discussion of TILA-based claims. However, because that *Williams* case was decided in August of 2025 and Plaintiff's filing referencing the alleged *Williams* Supreme Court case was docketed on March 19, 2025, Plaintiff could not possibly be referring to the August 2025 District of Maryland case. *See* ECF No. 25 at 7–8. The Court further notes that Plaintiff's rejected sur-reply also contains citations to cases that do not have the quoted language Plaintiff claims they do. *See* ECF No. 27 at 9 (purporting to quote from *St. Pierre v. Dyer*, 208 F.3d 394 (2d Cir. 2000), which does not discuss the FDCPA at all). Even though Plaintiff is proceeding *pro se*, Plaintiff still has the responsibility to ensure, to the best of her knowledge, that her pleadings are accurate and that she, or any potential drafting tool she may have used, cites to existing legal authority for her claims.

But Plaintiff's allegations fall short of alleging that Mr. Fay, Fay Servicing's CEO, is a debt collector under the statute. "Individual defendants, such as directors or officers of a collection agency, may be held personally liable under the FDCPA." *Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999). In order for an individual to be liable under the statute, however, the plaintiff must "allege that the defendant was personally involved in the collection of the debt at issue." *Id.* (citing *West v. Costen*, 558 F.Supp. 564, 584–85 (W.D.Va. 1983)); *see also Pabon v. Recko*, 3:00-CV-380 (DJS)(TPS), 2001 WL 36356981, at *5 (D. Conn. Apr. 25, 2001) (collecting cases). Plaintiff alleges that Mr. Fay oversaw the business practices of Fay Servicing, "including the conduct that led to violations of the FDCPA and TILA," ECF No. 1 ¶ 3, but these conclusory allegations are insufficient to show Mr. Fay's personal involvement in the alleged debt collection actions against Plaintiff. Although Plaintiff claims in her opposition to Defendants' motion to dismiss that Mr. Fay "was in a position to control and prevent violations of [the FDCPA and TILA]," and that the "CFPB's 2024 order against Fay Servicing cites Fay's role in the Company's compliance failures," ECF No. 25 at 15–16, these allegations do not appear in the complaint. Even if they did, they only state that Mr. Fay had the *authority* to prevent violations, and may have played a role in certain unspecified compliance failures that do not appear to be relevant to this case. For these reasons, Plaintiff has not alleged that Mr. Fay was personally involved in any violations as to her claims, and Defendants' motion to dismiss Plaintiff's complaint as to Mr. Fay is granted.

In light of these conclusions, the Court dismisses Plaintiff's FDCPA claim, and does not reach Defendants' other arguments for dismissal of this claim. Plaintiff will be permitted leave to amend her FDCPA claim.

B. <u>TILA Claim</u>

The Court also dismisses Plaintiff's claim for damages under the TILA. Because Fay Servicing cannot be held liable under the TILA, and because Plaintiff's claim was filed years after the occurrence of the violation, Defendants' motion to dismiss is granted as to Plaintiff's TILA claim.

The TILA was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The statute imposes mandatory disclosure requirements on certain credit card and loan transactions and, additionally, creates a private right of action for damages for violations of its provisions. *Strubel v. Comenity Bank*, 842 F.3d 181, 186 (2d Cir. 2016). To be subject to the TILA, a defendant must be a "creditor," which is defined as a person who "regularly extends ... consumer credit," and "is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(g); *see also* 12 C.F.R. § 226.2(a)(17). Claims under the TILA must be brought within one year of the transaction or occurrence that is the subject of the suit. 15 U.S.C. § 1640(e); *Edwards v. McMillen Capital, LLC*, 574 F. Supp. 3d 52, 66 (D. Conn. 2021). For a closed-end transaction such as a mortgage, "the date of the occurrence of the violation is the date a party enters into a loan agreement or, in some circumstances, when funds under a loan agreement are transmitted." *Edwards*, 574 F. Supp. 3d at 67.

Plaintiff's TILA claim must be dismissed for two reasons. First, Plaintiff has not alleged facts from which the Court could reasonably infer that Fay Servicing (or Mr. Fay) are creditors, as defined by the TILA. At no point in her complaint does Plaintiff allege that she owes a debt arising from a mortgage loan transaction directly with Fay Servicing, or that Fay Servicing is an

organization that regularly extends consumer credit. Indeed, including of the word "Servicing" in its title suggests that it is a loan servicer, not a creditor as defined by the TILA. Loan servicers are not subject to TILA. *See Bentley v. Greensky Trade Credit*, LLC, 156 F. Supp. 3d 274, 296 (D. Conn. 2015) (holding that loan servicers are not subject to TILA); *Rothermel v. U.S. Bank Nat'l Assoc.*, No. 3:23-cv-1329 (SVN), 2025 WL 950718, at *14–15 (D. Conn. Mar. 28, 2025).

Further, even if Fay Servicing or Mr. Fay could be liable under the TILA as creditors, Plaintiff's TILA claim is untimely. A private action for damages under TILA must be brought within one year of "the occurrence of the violation," except in circumstances not relevant here. 15 U.S.C. § 1640(e). It is well settled that in the Second Circuit "a suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering into that loan." *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018) (citing *Barnett v. Countrywide Bank, FSB*, 60 F.Supp.3d 379, 392 (E.D.N.Y. 2014)). Based on the mortgage statements submitted with Plaintiff's complaint, the "Loan Due Date" was January 1, 2013. *See* ECF No. 1 at 6–13. If the loan was due January 1, 2013, it is common sense that the loan was entered into long before that date. Even using the January 1, 2013, date, though, Plaintiff's TILA claim would be untimely, as she did not assert a TILA claim until 2025 when she filed her complaint, far past when the one-year limitations period had expired.[3]

In "rare and exceptional circumstances" where "extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period" she seeks to toll, the doctrine of equitable tolling can save an untimely

---

[3] Insofar as Plaintiff's TILA claim is based on alleged misstatements in the periodic mortgage statements, which were dated as recently as December 17, 2024, *see* ECF No. 1 at 8, Plaintiff has not alleged that the mortgage statements failed to contain information required in such statements, in violation of the TILA. *See* 15 U.S.C. § 1638(f) (listing requirements for periodic mortgage statements). Instead, Plaintiff's claim is premised on the mortgage statements being used to induce the debtor to pay, rather than to "provide debtors with straightforward information about their debt." ECF No. 1 ¶ 24. Plaintiff cites to no provision of the TILA that would support such a theory of liability based on the periodic mortgage statements.

11

claim. *Latouche*, 752 F. App'x at *13 (citing *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). Plaintiff does not raise an equitable tolling argument in her briefing. Nevertheless, equitable tolling would be inappropriate here. With TILA claims, "[c]ourts have held . . . 'equitable tolling will not be applied unless the plaintiff alleges affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims.'" *Gorbaty v. Wells Fargo Bank, N.A.*, Nos. 10–CV–3291 (NGG)(SMG), 10–CV–3354 (NGG) (SMG), 2012 WL 1372260, at *8 (E.D.N.Y. Apr. 18, 2012) (quoting *Futterman v. Wash. Mut. Bank,* No. 10–CV–01002 (LEK)(DRH), 2010 WL 5067650, at *2 (N.D.N.Y. Dec. 6, 2010)). While Plaintiff alleges that Defendants' mailings were purposefully misleading as to the intent to foreclose,[4] *see* ECF No. 25 at 14, Plaintiff makes no allegations that Defendants purposefully concealed information to which she was entitled under the TILA, such that she could not make a timely claim. Because Plaintiff has not alleged that Defendants actively concealed required information with respect to the mortgage itself, Plaintiff also has not shown concealment "over and above" any base non-disclosure, such that she could benefit from equitable tolling. *See Gorbaty*, 2012 WL 1372260, at *8.

As it is clear that it would be futile for Plaintiff to attempt to amend her TILA claim against Fay Servicing or Mr. Fay because the claim is time-barred, Plaintiff's TILA claim against Defendants is dismissed without leave to amend.

---

[4] The Court notes that the commencement and prosecution to judgment of the Superior Court foreclosure proceeding belies Plaintiff's assertion that Defendants' mailings were misleading about the intent to foreclose. *See Kathryn Sorrentino v. U.S. Bank Trust N.A. as Trustee et* al, No. FBT-CV25-5057835-S (Ct. Sup. Ct.). The Court takes judicial notice of the Superior Court docket in order fully address the procedural history of this case. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")

## IV. CONCLUSION

For the reasons described in this ruling, Defendants' motion to dismiss is GRANTED in full. Plaintiff's first motion for leave to file a sur-reply, ECF No. 28, is denied. Plaintiff is granted leave to amend her FDCPA claim, but as her TILA claim suffers from a non-curable substantive defect of untimeliness, she may not amend that claim. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff may file any amended complaint by October 9, 2025.

**SO ORDERED** at Hartford, Connecticut, this 18th day of September, 2025.

                                */s/ Sarala V. Nagala*
                                SARALA V. NAGALA
                                UNITED STATES DISTRICT JUDGE