**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KATHRYN SORRENTINO, | ) | 3:25-CV-00098 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAY SERVICING, LLC, and ED FAY, | ) | |
| *Defendants*. | ) | August 4, 2026 |

### RULING AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

In this action, *pro se* Plaintiff Kathryn Sorrentino alleges violations of her federal rights by Defendants Fay Servicing, LLC ("Fay Servicing") and its CEO Ed Fay with respect to periodic mortgage statements sent by Fay Servicing, which Plaintiff alleges were inducements to collect payment on debts and included false, misleading, and unfair representations. Following dismissal of her original complaint, Plaintiff filed an amended complaint, bringing one claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.* Defendants have moved to dismiss Plaintiff's amended complaint. While Defendants' motion was pending, Plaintiff filed a motion to further amend her amended complaint, which Defendants have opposed. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss the amended complaint and DENIES Plaintiff's motion for leave to further amend her amended complaint.

### I.    FACTUAL BACKGROUND

Plaintiff commenced this action on January 17, 2025. Compl., ECF No. 1. Defendants moved to dismiss Plaintiff's original complaint; this Court granted that motion in full. *See Sorrentino v. Fay Serv., LLC*, No. 3:25-CV-98 (SVN), 2025 WL 2675531 (D. Conn. Sept. 18, 2025) ("First MTD Ruling"). As part of that ruling, the Court granted Plaintiff leave to amend her FDCPA claim, but dismissed without leave to amend her Truth in Lending Act ("TILA") claim as

time-barred. *Id.* at \*7. Plaintiff then proceeded to file her amended complaint. The facts set forth in Plaintiff's amended complaint, ECF No. 34, are taken as true for purposes of Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that Defendant Fay Servicing was attempting to collect a mortgage loan from her. Am. Compl., ECF No. 34 ¶ 15. She alleges that her ex-spouse Saverio Sorrentino ("Mr. Sorrentino") executed a promissory note (the "Note") on June 24, 2005, in the amount of $395,500, in connection with the purchase of a property. *Id.* ¶ 5; *see also* Open Ended Mortgage Deed, Ex. B, *id.* at 13. Under the terms of the Open Ended Mortgage Deed (the "Mortgage"), both Plaintiff and Mr. Sorrentino are listed as the "Borrower." ECF No. 34 at 13. The Mortgage defines the Note as "the promissory note signed by Borrower and dated June 24, 2005." *Id.*

On May 10, 2010, Mr. Sorrentino quitclaimed the property to Plaintiff, making her the sole owner and title holder. *Id*. ¶ 6; Quitclaim Deed, Am. Compl. Ex. E, ECF No. 34 at 35. Plaintiff alleges Defendants are required to send periodic statements to Plaintiff regarding the status of the mortgage loan, including the amount due and the due date. *Id.* ¶ 17. In addition to this required information, Defendants included a "remittance form"—a "detachable coupon for submitting payment"—with the periodic statements. *Id.* ¶ 18; Mortgage Statement, Ex. A, ECF No. 34 at 9. Each of the mortgage statements Plaintiff has included with her amended complaint are addressed only to Mr. Sorrentino. *Id.* at 9–11.

The mortgage statements contain a section entitled "Delinquency Notice." *Id.* at 9, 10. That section states, in relevant part: "You are late on your monthly payments. . . . Failure to bring the account current may result in additional fees or expenses, and in certain instances, you may the loss of your home to a foreclosure sale." *Id.* at 9; *see also id.* at 10 (containing similar language).

This section also lists the amount of the delinquency and directed the statement's recipient to "contact your account manager to explore your options." *Id.* at 9, 10.

Plaintiff alleges that Fay Servicing's use of the remittance form was "not solely intended to inform Plaintiff of the debt owed," but also "to induce payment," thus constituting an attempt to collect a debt in violation of the FDCPA. *Id.* ¶ 32. Plaintiff claims these statements went "beyond mere informational disclosures required by law and instead were intended to collect the debt using false, misleading, and unfair representations." *Id.* ¶ 23.

Defendant Ed Fay, as CEO and Chairman of Fay Servicing, oversaw the business practices of the company. *Id*. ¶ 24. Plaintiff asserts that he "had control over the practices that resulted in violations of the FDCPA" and "is responsible for the resulting communications." *Id*. ¶¶ 24, 27.

Defendants have moved to dismiss the amended complaint, arguing that Plaintiff failed to cure the deficiencies identified by the Court in the original complaint, and otherwise fails to state a claim under the FDCPA as to either Defendant. Mot. to Dismiss, ECF Nos. 35, 36 (memorandum of law). Specifically, Defendants claim that Plaintiff failed to allege that she is a consumer as defined by the FDCPA, that Defendants are debt collectors as defined by the FDCPA, and that Defendants' form mailings violate the FDCPA. *See id*. at 1, 10–12. Plaintiff opposes the motion, Pl.'s Opp'n., ECF No. 38, and has also requested leave to amend the complaint a second time, "for the express purpose of curing pleading deficiencies identified by the Court and/or Defendants." Mot. to Amend, ECF No. 43 at 1.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed

allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks and citation omitted), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006))

4

(internal quotation marks omitted).  But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss.  *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

## III.   DISCUSSION

For the reasons explained below, the Court GRANTS Defendants' motion to dismiss Plaintiff's amended complaint, and denies Plaintiff's motion for leave to amend.

A.   <u>FDCPA Claim</u>

First, the Court dismisses Plaintiff's FDCPA claim as set forth in the amended complaint.

Plaintiff alleges that Defendants have violated the FDCPA, including by making false or misleading statements under 15 U.S.C. § 1692e and using unfair or unconscionable means to collect or attempt to collect on a debt under § 1692f.  But because Plaintiff has not plausibly pleaded that she is a consumer or that either Defendant is a debt collector under the statute, Defendants' motion to dismiss Plaintiff's FDCPA claim is granted.

The FDCPA was enacted to, among other things, "eliminate abusive debt collection practices by debt collectors," and to "protect consumers against debt collection abuses."  15 U.S.C. § 1692.  It prohibits the use of false, deceptive, or misleading representations in connection with the collection of any debt.  15 U.S.C. § 1692e.  As a consumer protection statute, the FDCPA's terms must be construed "'in a liberal fashion.'"  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Vincent v. The Money Store,* 736 F.3d 88, 98 (2d Cir. 2013)).  Additionally, the Second Circuit requires that "debt collection letters be viewed from the perspective of the 'least sophisticated consumer.'"  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318–19 (2d Cir.1993)).  "Under this standard, a collection notice can be misleading if it is 'open to more than

5

one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319).

To bring a claim under the FDCPA, (1) the plaintiff "must be a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a debt collector, and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Doody, Trustee of Mary Y. Doody Revocable Trust Dated June 17, 2002 v. Nationstar Mortgage, LLC*, No. 21-CV-00609 (VDO), 2023 WL 8476322, at *4 (D. Conn. Dec. 7, 2023) ("*Doody*") (citing 15 U.S.C. § 1692 *et seq.*; *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270 (E.D.N.Y. 2018)).

### 1. Plaintiff as Consumer Under the FDCPA

First, the Court holds that Plaintiff has failed to adequately allege that she is a consumer who has been the object of debt collection efforts or a person who owes a debt.

Under the FDCPA, a "consumer" is "any natural person, whether living or deceased, obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt" is defined, in relevant part, as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5).

To start, Plaintiff has not alleged she has been subjected to any debt collection practice. As noted above, all the mortgage statements included with Plaintiff's complaint are addressed to "Saverio A Sorrentino," not to Plaintiff. *See* ECF No. 34 at 9–11. Although Plaintiff alleges in conclusory fashion that "Defendant Fay Servicing, LLC was attempting to collect a mortgage loan from Plaintiff," *id.* ¶ 15, the statements' plain language indicates otherwise. And Plaintiff's amended complaint provides no additional facts to support her conclusory allegation that Defendants were attempting to collect a debt from *her* through the periodic mortgage statements addressed to Mr. Sorrentino. Under the FDCPA, a hypothetical consumer is assumed to "possess

6

a 'rudimentary amount of information about the world and a willingness to read a collection notice *with some care*." *Remington v. Fin. Rec. Servs., Inc.*, No. 3:16-CV-865 (JAM), 2017 WL 1014994, at \*3 (D. Conn. Mar. 15, 2017) (quoting *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193–94 (2d Cir. 2015)) (emphasis added).  Even a cursory glance through the mortgage statements reveald that they lack any language that could be interpreted as suggesting *Plaintiff* was responsible for payment of Mr. Sorrentino's debt.  *See* ECF No. 34 at 9–11.  The FDCPA is of no help to "'bizarre or idiosyncratic interpretations of collection notice,'" such as Plaintiff's theory that a collection notice addressed only to a different individual, and not naming her, made her the subject of any debt collection effort.  *Jacobson v. Healthcare Fin. Servs, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon*, 988 F.2d at 1320).  Accordingly, the Court finds Plaintiff has failed to allege she was subjected to any debt collection efforts.

The Court notes that, even though Plaintiff has not demonstrated she is subject to any debt collection practice, it is somewhat unclear whether she owes any debt under the Note—the other basis for being a consumer under the FDCPA.  *See Doody*, 2023 WL 8476322, at \*4.  Plaintiff's amended complaint states that Mr. Sorrentino was the only individual who signed the Note, implying he would be the only party obligated under it.  ECF No. 34 ¶ 16.  No party has included the Note in the record, but Defendants do not contest Plaintiff's assertion.  *See* ECF No. 36 at 6.  In the Mortgage, however, Plaintiff and Mr. Sorrentino are both listed as "Borrower," and both signed and initialed the Mortgage.  *See* ECF No. 34 at 13–23.  The Mortgage further describes the "Note" as "the promissory note signed by *Borrower* and dated June 24, 2005."  *Id.* at 13 (emphasis added).  Thus, by the terms of the Mortgage, because Plaintiff is also a "Borrower," it is at least conceivable that she would have also signed the Note, making her someone who "owes the debt." *See Doody*, 2023 WL 8476322 at \*4.  Nevertheless, as Plaintiff's allegations are taken as true for

purposes of deciding Defendants' motion to dismiss and the Note is not part of the record before the Court, the Court assumes that Plaintiff was not a signatory to the Note and therefore does not owe the debt associated with it.[1]

### 2. Defendants as Debt Collectors

Even assuming Plaintiff is a "consumer" under the FDCPA, however, she has not sufficiently alleged that either of the Defendants is a "debt collector" under the statute.

#### a. Ed Fay as a Debt Collector

First, Plaintiff has not sufficiently alleged Ed Fay is a "debt collector" under the FDCPA. Under the statute, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, the mortgage statements attached to the complaint bear a header for Defendant Fay Servicing, not Ed Fay. ECF No. 34 at 9–11.

The Court previously held that Plaintiff's allegations in her original complaint fell short of alleging that Mr. Fay, Fay Servicing's CEO, is a debt collector under the statute. First MTD Ruling, 2025 WL 2675531, at *5. Plaintiff has not rectified this deficiency in her amended complaint. It is true that "[i]ndividual defendants, such as directors or officers of a collection agency, may be held personally liable under the FDCPA." *Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999). But in order for an individual to be liable under the statute, the plaintiff must

---

[1] Defendants also cite to language in the Mortgage stating that a person who co-signs the Mortgage but does not execute the Note is not personally obligated to pay the debt secured by the Note. ECF No. 36 at 6 (citing ECF No. 34 at 8). Taking as true Plaintiff's allegation that she did not sign the Note, this language from the Mortgage further supports the conclusion that Plaintiff does not owe a debt under the FDCPA. That Plaintiff may have executed the Adjustable Rate Rider and the Mortgage cannot defeat Plaintiff's own allegation that she did not sign the Note itself. *See* ECF No. 34 at 26–31 (Adjustable Rate Rider).

"allege that the defendant was personally involved in the collection of the debt at issue." *Id.* (citing *West v. Costen*, 558 F. Supp. 564, 584–85 (W.D. Va. 1983)); *see also Pabon v. Recko*, 3:00-CV-380 (DJS) (TPS), 2001 WL 36356981, at *5 (D. Conn. Apr. 25, 2001) (collecting cases).  In her amended complaint, Plaintiff does not allege that Mr. Fay "personally sent statements or communicated directly with Plaintiff regarding the mortgage," but asserts merely that he oversaw the business practices of Fay Servicing, "including the practices that led to violations of the FDCPA," and is therefore responsible, in Plaintiff's view, for the "resulting communications." ECF No. 34 ¶¶ 4, 24, 27.  These conclusory allegations are insufficient to show—and, indeed, actually appear to disclaim—Mr. Fay's *personal* involvement in the alleged debt collection actions against Plaintiff.   And even Plaintiff's conclusory allegations that Mr. Fay "had personal knowledge of, oversaw, and exercised control over the company's policies," *id*. ¶ 27, likewise only imply that Mr. Fay had the *authority* to prevent violations and may have played a role in certain unspecified compliance failures, without taking the further step of describing his personal involvement in the communications to Plaintiff (or, more accurately, to Mr. Sorrentino).  In any event, Plaintiff's one allegation of Mr. Fay's "personal knowledge," *id.*, without any facts to support it, is a textbook conclusory statement that does not suffice.  *See Iqbal*, 556 U.S. at 678.

For these reasons, Plaintiff has not alleged that Ed Fay was personally involved in any FDCPA violation, and thus he is not a "debt collector" for purposes of this claim.  Defendants' motion to dismiss Plaintiff's complaint as to Ed Fay is therefore granted.

### 3.  *Fay Servicing as a Debt Collector*

Plaintiff has also not sufficiently alleged that Fay Servicing is a "debt collector" under the FDCPA.  The definition of debt collector excludes "any person collecting or attempting to collect any debt owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).  "Accordingly,

a complaint that 'does not allege that [a servicer] acquired [the plaintiff's] debt *after* it was in default . . . fails to plausibly allege that [the servicer] qualifies as a debt collector under the FDCPA." *Joseph v. Ocwen Fin. Corp.*, No. 22-1042, 2023 WL 3635077, at \*2 (2d Cir. May 25, 2023) (summary order) (emphasis added) (quoting *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014)).

Plaintiff has not alleged that Fay Servicing acquired the debt after it was in default. The amended complaint indicates that the loan was 4,368 days delinquent as of December 17, 2024, ECF No. 34 ¶ 31; *id.* at 10, but fails to allege when Fay Servicing began servicing the loan or the status of the loan at that time. As such, Plaintiff does not plead sufficient facts demonstrating that Fay Servicing was a "debt collector" for purposes of the debt at issue. *See Doody*, 2023 WL 8476322, at \*5 ("[Plaintiff] has not sufficiently alleged that [defendant], as a mortgage servicer, is a debt collector under the FDCPA because he has not pled that the mortgage was in default at the time [defendant] began servicing the debt."); *Qurashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (summary order) (affirming dismissal of FDCPA claims because *pro se* plaintiffs did not allege that their home loan was already in default at the time the defendant became the servicer); *Obanya v. Select Portfolio Servicing, Inc.*, No. 14-CV-5255 (NGG) (LB), 2015 WL 5793603, at \*7 (E.D.N.Y. Sept. 30, 2015) ("If [defendant] services plaintiff's mortgage, plaintiff must plausibly allege that her mortgage was in default at the time that [defendant] began servicing it.").

10

For these reasons, Defendants' motion to dismiss Plaintiff's amended complaint as to Fay Servicing is granted. In light of these conclusions, the Court dismisses Plaintiff's FDCPA claim as against both Defendants.[2]

B. Plaintiff's Request for Leave to File Second Amended Complaint

On December 18, 2025, Plaintiff moved for leave to file a second amended complaint to further address pleading deficiencies identified by the Court and Defendants. Mot. to Further Amend, ECF No. 43. Defendants oppose amendment on the ground of futility, citing ongoing deficiencies in each element of Plaintiff's claims. Defs.' Opp. to Mot. for Leave to Amend, ECF No. 44. While Plaintiff provides greater factual detail and specificity in her proposed second amended complaint, the Court nevertheless denies Plaintiff's request and holds that her proposed amendment is futile.

Under Federal Rule of Civil Procedure 15(a), "leave to amend 'shall be freely given when justice so requires,'" but "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). Courts may deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is considered futile when "the proposed claim could not withstand a motion to dismiss" pursuant to Rule 12(b)(6). *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

---

[2] Plaintiff's opposition to Defendants' motion to dismiss contains lengthy arguments about her TILA claim, which was previously dismissed without leave to amend, and a new claim under the Real Estate Settlement Procedures Act that is not alleged in her amended complaint. *See generally* ECF No. 38-1. But Plaintiff herself acknowledges that she is not renewing her TILA claim, *see* ECF No. 34 ¶ 26, and a party cannot assert new claims through an opposition to a motion to dismiss. *Williams v. Rosenblatt Securities Inc.*, No. 14-CV-4390 (JGK), 2016 WL 4120654, at *5 (S.D.N.Y. July 22, 2016) (citing *Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (summary order)). Accordingly, the Court disregards these arguments.

11

Here, Plaintiff's proposed amendment would be futile and thus Plaintiff's motion for leave to amend must be denied.  While Plaintiff provides more factual allegations in her proposed second amended complaint, she still alleges that she did not sign the Note, Proposed Second Am. Compl., ECF No. 43-1 ¶ 22, and again attaches a mortgage statement addressed only to Mr. Sorrentino, *id.* at 15–16, defeating any inference that she is a "consumer" for purposes of the FDCA. Additionally, Plaintiff still fails to allege that either Defendant was a debt collector under the FDCPA, which is likewise fatal to her renewed claim.  With respect to Defendant Ed Fay, Plaintiff's proposed amendments do not provide any factual allegations to support her conclusory statements that Mr. Fay was personally involved in the actions alleged here.  *See id.* ¶¶ 31a–31f, 53.  As to Fay Servicing, Plaintiff adds that the "back page of each statement confirms it is being sent by a debt collector," ECF No. 43-1 ¶ 41, but this is "neither dispositive nor sufficient," absent an allegation that the loans were in default when Fay Servicing began servicing them.  *See DeSimone v. Select Portfolio Servicing, Inc.*, No. 20-CV-3837 (PKC) (TAM), 2022 WL 36174, at *3 (E.D.N.Y. Jan. 4, 2022) (clarifying that the dispositive issue is the status of the loans when defendant obtained them, not disclosures contained in the statements, and ultimately dismissing the plaintiff's FDCPA claim).  While Plaintiff alleges that the communications at issue were sent after the loan was in default, she still fails to allege that Fay Servicing acquired the debt after it was in default.  And Plaintiff's argument that the question of whether a defendant is a "debt collector" is a fact-intensive inquiry does not carry the day, *see* Pl.'s Reply, ECF No. 47 at 4, where Plaintiff has entirely failed to allege a required element of her claim.

Accordingly, Plaintiff still fails to demonstrate that Defendants are debt collectors under the statute, and her proposed second amended complaint is futile.  As Plaintiff has already been

12

afforded the opportunity to amend once, and as her proposed second amended complaint fails to state a plausible FDCPA claim, the Court denies Plaintiff's motion for leave to amend.[3]

## IV.    CONCLUSION

For the reasons described in this ruling, Defendants' motion to dismiss, ECF No. 35, is GRANTED in full.  Plaintiff's motion for leave to file a second amended complaint, ECF No. 43, is DENIED.  The Clerk is directed to enter judgment for Defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 4th day of August, 2026.

_/s/ Sarala V. Nagala_
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

---

[3] The Court again notes Plaintiff's apparent use of artificial intelligence to assist with drafting her briefing.  *See* Defs.' Reply to MTD, ECF No. 41 at 2–3.  The Court's order at ECF No. 39 put Plaintiff squarely on notice that "the Court has a no-tolerance policy for any briefing (AI-assisted or not) that hallucinates legal propositions or otherwise severely misstates the law."  The Court also warned Plaintiff about incorrect citations in its First MTD Ruling.  *See* First MTD Ruling, 2025 WL 2675531 at *4 n.2.  Plaintiff has made little to no effort to correct her false citations, as Defendants' briefing explains.  Nevertheless, in light of the dismissal of Plaintiff's amended complaint without further leave to amend, the Court declines to impose sanctions at this time.